## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

BETWEEN:   City of Portland, Oregon

AND:       Julee Reynolds

1. **Parties to the Settlement Agreement and Release of All Claims (hereinafter "Agreement")**

    1.1   The parties to this Agreement are the City of Portland (City) and Julee Reynolds (Employee).

    1.2   The term "Employee" means Julee Reynolds, her spouse or domestic partner, if any, heirs, executors, representatives, attorneys and assigns.

    1.3   The term "City" means the City of Portland, the Mayor, City Council, their predecessors, successors, assigns, bureaus, divisions, commissions, boards, affiliates and related corporations, independent contractors of the City, and all of the past, present and future employees, representatives, insurers, and agents of such entities (all and each in their individual and representative capacities).

2. **Effective Date**

    This Agreement shall not become effective or enforceable until seven (7) days after Employee signs it, or until City Council approves this Agreement, whichever is later. Employee may revoke this Agreement prior to the effective date. After the 7 day revocation period Employee may not revoke this Agreement.

3. **Background and Purpose**

    3.1   Issues Pending

        a.   Employee has asserted and reaffirms certain pending and potential claims against the City based upon or related to her employment with the City, including but not limited to, claims asserted in:

            A tort claim notice dated May 13, 2011.

            A tort action filed on May 9, 2013 and assigned court number CV-00792-SI.

Julee Reynolds - **SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**
Page 1 of 16                                                                                  5/2/2014

> An EEOC complaint filed on April 20, 2012 and assigned claim number 551-2012-00916 and BOLI number DPEMDP120420-90986.

3.2  Denial and Desire to Resolve Dispute

   a. The City denies the validity of all pending and potential claims asserted by Employee. The City further denies that Employee has a disability covered by the Americans With Disabilities Act or ORS 659A.103 et seq.

   b. The City and Employee desire to bring all pending and potential claims and disputes that Employee has or might have with the City to a final resolution by way of compromise and settlement, and they consider it appropriate to settle and compromise any and all claims arising prior to the effective date of this Agreement that Employee has made or could make in the future concerning or related to her employment with the City.

4. **Consideration**

   4.1  Employee's Promises and Agreements

   a. Employee agrees and acknowledges that the workplace modifications or accommodations provided to Employee as of December 6, 2013 were reasonable and adequate. Those modifications include enforcing the City Fragrance Policy, posting signs regarding the City Fragrance Policy, and training regarding the City Fragrance Policy.

   b. Employee agree that she will not discuss the underlying litigation, CV-00792-SI, including but not limited to her claims, the settlement, the terms of this Agreement, and/or her request for accommodations at any City facility, during work time, and/or using any City resources (such as her City computer, printer or City phone(s).

   c. Employees further agrees that is she has any additional issues or concerns regarding workplace modifications, accommodations or other issues related to her claimed medical conditions she will immediately notify her immediate supervisor in writing and copy the BHR business partner assigned to the Maintenance Bureau.

    d.  Employee agrees that if she needs to make any additional or different request for accommodation at any time during her future employment with the City, she will make that request in writing and copy the BHR business partner assigned to the Maintenance Bureau.

4.2    <u>Payment</u>

After the effective date of this Agreement and approval by Ordinance of the Portland City Council, and subject to dismissal with prejudice of CV-00792-SI, the City shall deliver to Employee and her attorney, Christopher Lundberg, a check payable to Julee Reynolds and Haglund Kelley Jones & Wilder, LLP in the amount of Fifteen Thousand and No/100 Dollars ($15,000), less usual withholding taxes and deductions. Employee is not already entitled to this payment.

The amount of Fifteen Thousand and No/100 Dollars ($15,000) is for general non-economic damages. Employee agrees, however, that if any state or federal taxing authority should ever determine that the money received by her under this Agreement constitutes taxable wages, in whole or in part, Employee will, upon written demand, indemnify the City for any and all tax liabilities, including but not limited to all contributions, penalties and interest, if any, required to be paid by the City on behalf of Employee for Employee social security tax contributions and income tax withholding.

4.3    <u>Disposition of Claims</u>

    a.  Neither Employee nor her attorney shall negotiate the check until such time as a Dismissal with prejudice is filed in United States District Court, Case No. CV-00792-SI.

    b.  This Agreement shall be placed in the appropriate personnel files.

5.    **<u>No Admission of Liability</u>**

The payment and other commitments by the City provided by this Settlement Agreement and Release of All Claims and the City's execution of this Settlement Agreement and Release of All Claims is to compromise doubtful and disputed claims and shall not operate or be interpreted as an admission of liability as to any claim, past, present or future, known or unknown, suspected or unsuspected, that Employee has or might have

asserted against the City, arising out of conduct that occurred prior to the date of this Settlement Agreement and Release of All Claims, by whom liability is expressly denied.

6. **Release**

6.1 General Release

In consideration of the promises made in this document, Employee, by signing this Agreement, accepts this settlement as a complete and final resolution and settlement of any and all liabilities and claims, direct or indirect, under any state or federal authority, and voluntarily releases and forever discharges the City from all claims arising from or in any way related to Employee's employment as a City of Portland employee as of the effective date of this Agreement. This release and discharge includes, but is not limited to, any and all claims Employee has or might have asserted for non-disclosure, fraud, misrepresentation in the inducement of this Agreement, grievances under a collective bargaining agreement, or as claims in other actions, suits or proceedings that have or could have been brought under any labor agreement, the Charter and Code of the City of Portland, Oregon, any local, state or federal statutes and regulations, or common law, including, but not limited the City of Portland Civil Service Rules, Human Resources Administrative Rules, the Oregon Employer Liability Law pursuant to Chapter 654 of the Oregon Revised Statutes, Oregon Fair Employment Practices Act (ORS Chapters 659A and 659), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Federal Rehabilitation Act of 1973, all federal and state wage and hour statutes and the Federal Fair Labor Standards Act, the Americans with Disabilities Act, the Family Medical Leave Act, the Age Discrimination in Employment Act, the Uniformed Services Employment and Reemployment Rights Act of 1994 (38 USC Sections 4301-4333), 42 USC Sections 1981-1988, the Equal Pay Act of 1963, the Oregon Constitution and the Constitution of the United States, and all claims for attorney fees and costs.

6.2     ADEA Release

    a.     Employee specifically waives any and all claims alleging discrimination in employment on the basis of age under state law, ORS 659A.030, as well as claims under the federal Age Discrimination in Employment Act of 1967 (ADEA).

    b.     For purposes of the Age Discrimination in Employment Act of 1967, Employee acknowledges that she has had twenty-one (21) days to consider the release of all claims under the federal ADEA.

    c.     Employee understands that she has seven (7) days following the date she signs this agreement to revoke her waiver of claims under the federal Age Discrimination in Employment Act of 1967 and that this portion of this agreement waiving claims of age discrimination will not become effective until the revocation period has expired.

    d.     By signing this document, Employee knowingly and voluntarily waives any and all claims under the ADEA as of the date that the settlement agreement is last signed by the parties and the 7-day revocation period has expired. Employee, nor anyone on her behalf may sue the City of Portland, any of its bureaus, board, commissions, employees or insurers and their successors for any claim of discrimination based on age arising out of her employment prior to the date of this settlement agreement.

6.3   Civil Release of all Workers' Compensation Claims

As part of this agreement and for the consideration provided herein, Employee releases and forever discharges the City from all claims or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or in any way growing out of any and all Workers' Compensation claims filed by Employee for any and all medical conditions and treatment, injuries, diseases, death and/or property damage which occurred as a result of her employment with the City of Portland as of the effective date of this Agreement.

Employee hereby declares and represents that any medical conditions and treatment, injuries or diseases sustained may be permanent and progressive and that recovery therefrom is uncertain and indefinite, and in making this release and agreement it is understood and agreed that she relies wholly upon her judgment, belief and knowledge of the nature, extent and duration of said medical conditions and treatment, injuries or diseases, and she has not been influenced to any extent whatever in making this release by any representations or statements regarding said medical conditions and treatment, injuries or diseases, or regarding any other matters, made by the persons, or entities who are hereby released, or by any person or persons representing them, or by any physician or surgeon by them employed.

7.  **Agreements**

7.1  Agreement Not to Sue

a.  In exchange for the Settlement considerations, payment, undertakings and agreements by the City described in this Agreement, Employee agrees not to prosecute or hereafter maintain or institute any action at law, suit or proceeding in equity, administrative or any proceeding of any kind or nature whatsoever against City for any reason related in any way to the dispute or to any other claim released herein. Employee further agrees that she will not raise any claim against City by way of defense, counterclaim or crossclaim or in any other manner, on any alleged claim, demand, liability or cause of action released herein. At the time of her execution of this Settlement Agreement and Release of All Claims, Employee represents that there are no other claims, complaints or charges pending against City in which she is a party or complainant.

b.  Employee understands and expressly agrees that if she ever asserts any claim, action or suit against the City or against any of the City's

commissioners, officers, bureaus, employees, agents and insurers and their successors, individually and collectively, arising out of or in connection with employee's employment with the City provided by this Agreement, the City may plead this Agreement as an absolute defense to any such claim, action or suit. Furthermore, in the event any claim, action, or suit is asserted, this settlement shall be construed to allow the City to use in its defense any and all matters, evidence, testimony, documentation, and records that exist or existed prior to the execution of this settlement.

7.2    Agreement Not to Use Prior Events for any Purpose

Employee understands that in any future proceeding involving the employee, the City, and/or its employees, she cannot use for any purpose any evidence of events which occurred prior to the effective date of this agreement. This does not preclude the Employee from using prior medical events to obtain a diagnosis to establish the existence and/or scope of her alleged disabling condition.

7.3    Agreement Regarding Work-Related Injuries and Diseases

Employee acknowledges and agrees there are no unasserted workers' compensation claims through the date of her execution of this Settlement Agreement and Release of All Claims. Employee also acknowledges that she is not now suffering from, or been diagnosed with, any medical condition or injury which she believes to be caused by her employment with the City, other than those conditions and injuries that have been specifically and previously claimed pursuant to Workers' Compensation law prior to this Agreement. Employee agrees that any such claim(s) would be barred by the statute of limitations as untimely.

7.4    Agreement as to Grievances

    a.    Pursuant to the full settlement, satisfaction and release of any and all actual and potential claims provided in this Agreement, Employee agrees not to file any grievance of any kind or nature whatsoever against the City for any reason related in any way to the dispute or to any other claim released herein.

7.5 <u>Agreement of Understanding as to Disclosure of Terms</u>

    a. The Parties further understand, stipulate and agree that since the City is a public body under Oregon law, this document and the terms thereof are disclosable and discoverable under the Public Records Law of the State of Oregon pursuant to Chapter 192 of the Oregon Revised Statutes, and that no promise, guarantee or provision can be made with respect to the confidentiality, publicity, or reporting of the terms of this Agreement.

    b. This agreement shall be placed in the appropriate personnel files.

7.6 <u>Agreement as to Liquidated Damages</u>

    a. Discussion of this litigation and Agreement on City time and/or in City workplaces causes a disruption to the City, Employee and her coworkers. Such discussions result in the loss of productive work time by the employees involved and sometimes necessitates the involvement of other City personnel to resolve issues arising out of those discussions, causing an additional loss of productive work time. It is difficult to ascertain the exact amount of work time lost, and thus the exact cost to the City, caused by the discussions prohibited in 4.1(b). Therefore, the parties stipulate that the damage to the City is at least $200 for each discussion Employee has regarding this litigation and related matters on City time and/or at a City facility in violation of Section 4.1 (b).

    b. Any discussion in violation of Section 4.1 (b) is a material breach of this agreement. However, rather than pursing a remedy for breach of the entire Agreement, the City and Employee agree and Acknowledge that the City is entitled to liquidated damages from Employee in the amount of $200 per instance for each and every verified discussion in violation of Section 4.1 (b).

## 8. **Acknowledgments**

8.1 <u>Acknowledgment as to Acceptance.</u>

Employee acknowledges that she accepted this settlement offer on December 6, 2013.

8.2 <u>Acknowledgment as to Known and Unknown Losses</u>

    a.    This Settlement Agreement and Release of All Claims is intended to, and does, cover not only all known losses and damages, and all claims asserted or that could have been claimed or asserted, but any further losses and damages resulting from Employee's employment through the effective date of the Agreement which are not now known or anticipated which may later develop or be discovered, including all effects and consequences thereof. This includes but is not limited to any tort or breach of contract, breach of express or implied employment agreement, wrongful discharge, constructive discharge, intentional infliction of emotional distress, discrimination, defamation, non-disclosure, fraud, misrepresentation, misrepresentation in the inducement, loss of consortium or tortious interference with contractual relations. This also includes any damage that may result from disclosure of information made as a result of any order issued pursuant to the State of Oregon Public Records Law (Chapter 192 of the Oregon Revised Statutes).

    b.    Employee acknowledges that she is aware that she or her attorney may discover facts different from or in addition to the facts that they now know or believe to be true with respect to her employment or any of the claims she has asserted or could assert or any other claim that is in any way related to Employee's employment with City or the voluntary termination of that employment, or with respect to the subject matter of the Dispute, but that it is her intention to and she hereby does fully, finally absolutely and forever settle any and all claims, disputes and differences with City as described herein.

8.3 <u>Acknowledgment as to Cooperation in Implementing Settlement.</u>

Employee and City agree to execute, acknowledge and/or deliver any and all documents reasonably necessary to carry out and perform their respective obligations under this Settlement Agreement and Release of All Claims.

8.4 <u>Acknowledgment as to Settlement Agreement and Release of All Claims Made With Advice of Counsel.</u>

The Parties acknowledge and agree that they have been represented and advised by legal counsel of their own choice throughout all negotiations and mediation sessions, if any, that preceded the execution of this Settlement Agreement and

Release of All Claims, and with respect to the execution of this Settlement Agreement and Release of All Claims. The parties acknowledge and agree that the City advised Employee to take this Agreement and Release to an attorney of her own choosing for review and explanation.

8.5   Acknowledgment as to Severability of Terms.

   a.   Except as provided in this paragraph, every provision contained in this Settlement Agreement and Release of All Claims is intended to be severable. In the event a court or agency of competent jurisdiction determines any term or provision contained in this Settlement Agreement and Release of All Claims to be illegal, invalid or unenforceable, such illegality, invalidity or unenforceability shall not affect the other terms and provisions in this Settlement Agreement and Release of All Claims and the remainder of the Settlement Agreement and Release of All Claims shall continue in full force and effect, except as provided below.

   b.   Notwithstanding the above, in the event a court or agency of competent jurisdiction determines that any of the provisions comprising paragraphs 4.1, 4.2, 4.3, 6.1, and 7.1 are held to be illegal, this entire Settlement Agreement and Release of All Claims shall be void.

8.6   Acknowledgment as to Time for Consideration of Offer and Agreement.

Employee acknowledges that she has had a reasonable period of time in which to consider, negotiate and sign this Settlement Agreement and Release of All Claims.

8.7   Acknowledgement That Wages Not at Issue

Employee and City agree that payment of Fifteen Thousand and No/100 Dollars ($15,000) also constitutes settlement of claims that Employee now has but has not asserted or any other claims that she may have for compensatory or general damages, pecuniary loss or damages of any type including punitive damages, costs and attorney's fees, and does not represent the payment of wages from City to Employee. Employee acknowledges that she has not made and hereby waives any claim for unpaid wages. The City has not withheld any taxes and any tax obligation is the responsibility of the Employee. The Employee needs to seek her own advice for federal and state tax purposes.

8.8     Acknowledgement as to Resolution of Ambiguous Terms

Both parties acknowledge that they have had an opportunity to provide, edit and alter language of this settlement agreement, and that they have had an opportunity to review it with counsel. Therefore the parties stipulate and agree that this settlement shall not be automatically construed for or against either party in order to resolve any ambiguity of any of the terms of this settlement.

9.  **Prior Agreements Superseded**

This Settlement Agreement and Release of All Claims contains the entire agreement of the City and Employee and supersedes all prior or contemporaneous oral or written understandings, statements, representations or promises, and is intended fully to integrate the agreement between Employee and City with respect to settlement of the matters described herein.

10. **Attorney Fees**

The Parties agree that they are not and shall not be liable for any of the other party's attorneys' fees or costs incurred in connection with the resolution of the dispute or preparation or execution of this Settlement Agreement and Release of All Claims. The Parties agree and expressly represent that any and all claims for attorney fees arising out of their respective claims are expressly discharged by this Agreement.

11. **Choice of Law**

This settlement document shall be construed in accordance with and governed by the statutes of common law of the State of Oregon (without regard to choice of law rules). Any disputes now or hereafter arising in connection with the execution or operation of these documents, regardless of whether such disputes arise in contract, tort or otherwise, shall be governed and determined by the applicable laws of the State of Oregon.

12. **Liens and Medicare**

Employee and Employer (collectively, the "settling parties") hereby acknowledge the following:

Under the Medicare Secondary Payer ("MSP") Act, 42 U.S.C. § 1395y(b), and its accompanying regulations (the "MSP provisions"), the Centers for Medicare and Medicaid Services ("CMS") in certain circumstances may have an obligation to seek

reimbursement of Conditional Payments made by the Medicare Program (Title XVIII of the Social Security Act) (the "Medicare Program") on claims for items and services relating to injuries allegedly sustained by the Employee;

Employee and Employee's attorney are in the best position to determine if any reimbursement obligation exists, based on Employee's entitlement (or lack thereof) to Medicare Program benefits and Employee's actual receipt of such benefits. If there is a reimbursement obligation, Employee and Employee's attorney are to ensure that the Medicare Program's interests are properly considered and discharged;

If there is a reimbursement obligation to the Medicare Program, Employee and Employee's attorney are responsible under the MSP provisions to verify, resolve and satisfy such obligation; and

If Employee is now or in the past has been enrolled in the Medicare Program, Employer will report the settlement to CMS pursuant to the MSP Act and regulations, even if Employee does not agree that the evidence actually establishes liability for injuries allegedly sustained by Employee or that there is any requirement to report the settlement to the CMS.

The settling parties do not intend to shift responsibility for medical benefits to the Federal Government as any part of this settlement. Employee and Employee's attorney are aware that Medicare may not accept the terms of this Agreement as to an allocation of funds of any type if the Agreement does not adequately address Medicare's interests. If Medicare's interests are not reasonably considered and protected, Medicare may refuse to pay for services related to the alleged injury (if otherwise reimbursable by Medicare) until such expenses have been paid or the amount of the entire settlement has been exhausted. Medicare may also assert a recovery claim, if appropriate, based on Conditional Payments made by Medicare within the meaning of 42 U.S.C. § 1395y(b)(2). CMS has a direct priority right of recovery against any entity, including a beneficiary, provider, supplier, physician, attorney, state agency, or private insurer, that has received any portion of the third-party payment directly or indirectly. Consequently, to comply with the applicable Federal regulations and to reasonably recognize Medicare's interest, Employee and Employee's attorney represent that they agree to satisfy any and all Medicare reimbursement obligations, subrogation interests or claims from the proceeds of the settlement funds.

In consideration of the payments set forth in this Agreement, Employee voluntarily accepts the risk that Medicare may demand reimbursement in excess of any amount the parties allocate to satisfying any Conditional Payment and that Medicare may refuse to

pay for services related to the injury. Employee releases, waives, and forever discharges any and all claims of any nature and/or damages against Employer should Medicare take such action, including, but not limited to a Private Cause of Action against Employer under 42 U.S.C. § 1395y(b)(3)(A) of the MSP Act.

Employee understands that it is a condition of this Agreement that she must repay any and all Conditional Payments that Medicare demands, within sixty (60) days of receipt of settlement funds or within sixty (60) days of receipt of a Final Demand Letter or other claims satisfaction document, whichever occurs later. Employee specifically instructs her attorneys to pay all amounts owed to Medicare within the meaning of the MSP Act from the settlement proceeds.

Employee further agrees to indemnify, defend and hold harmless Employer for any claim, loss or payment Employer may suffer, including judgments, verdicts, awards, penalties, attorneys' fees and costs, that arises out of Employee's and/or Employee's attorney's failure to pay any unpaid medical bills or future medical expenses, or to otherwise fail to protect Medicare's interests under the MSP Act.

Employee further agrees that she will execute and deliver to Employer copies of all documents or agreements and do such further acts and things as Employer may reasonably request when necessary to effectuate the purposes of the Settlement Agreement, including but not limited to providing copies of all documents between Employee and Medicare/CMS regarding any amount owed Medicare/CMS for Conditional Payments, and any reductions in that amount, either for financial hardship, equity and good conscience, or due to procurement costs, or any other reason.

Should any person or entity not a party hereto challenge the validity of this Agreement, or any term thereof, pursue recovery of monies from Employer, or bring a claim or claims against Employer arising out of 42 U.S.C. § 1395y(b) related to payment for items or services related to the injuries claimed in this action, the Employee shall provide to Employer such cooperation and assistance as Employer may reasonably request in order to resist such a challenge or defend such a claim.

Employee acknowledges that all subrogation and lien claims arising out of contract or under state or federal law, including, but not limited to, any subrogation or lien claims of Employee's health care providers, insurance carriers, state worker's compensation, and any federal agency or programs such as Medicare, Medicaid, or Social Security, are the sole and separate obligation of Employee which Employee agrees to pay or otherwise resolve. Employee further hereby covenants to defend, indemnify and hold harmless the

Employer from and against all such lien and subrogation claims brought against Employer.

Employee understands this settlement may impact, limit or preclude Employee's right or ability to receive Medicare benefits in the future related to the injuries alleged in this lawsuit, and nevertheless wishes to proceed with the settlement.

13. **Signatures and Certifications**

I, JULEE REYNOLDS FURTHER AGREE AND CERTIFY THAT [initial each]:

_[initialed]_ I HAVE CAREFULLY READ THIS ENTIRE DOCUMENT

_[initialed]_ I HAD AT LEAST 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT BEFORE SIGNING IT

_[initialed]_ I HAD AN ADEQUATE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF MY CHOICE PRIOR TO SIGNING THIS AGREEMENT

_[initialed]_ THE CITY HAS PROVIDED NO INFORMATION CONCERNING POSSIBLE TAX CONSEQUENCES OF THIS AGREEMENT AND RELEASE OF PAYMENTS THEREUNDER

_[initialed]_ I INTELLIGENTLY, KNOWINGLY AND VOLUNTARILY AGREE TO THE TERMS OF THIS AGREEMENT AND RELEASE

_[initialed]_ I AM SIGNING THIS AGREEMENT AND RELEASE VOLUNTARILY AND WITH THE FULL INTENT OF RELEASING THE CITY FROM ALL CLAIMS RELATING TO, OR ARISING OUT OF, MY EMPLOYMENT WITH THE CITY OF PORTLAND.

_[initialed]_ I UNDERSTAND THAT IF I EVER ASSERT ANY CLAIM AGAINST THE CITY ARISING OUT OF MY EMPLOYMENT WITH THE CITY THAT EXISTED OR OCCURRED BEFORE THE EFFECTIVE DATE OF THIS AGREEMENT, THIS AGREEMENT MAY BE PLEADED AS AN ABSOLUTE DEFENSE TO THE CLAIM.

_[initialed]_ I UNDERSTAND THIS AGREEMENT COVERS NOT ONLY KNOWN LOSSES AND DAMAGES, BUT ANY FURTHER LOSSES, DAMAGES AND CONSEQUENCES RESULTING FROM MY CITY EMPLOYMENT AS OF THE EFFECTIVE DATE OF THIS AGREEMENT EVEN IF THEY ARE NOT NOW KNOWN, ANTICIPATED, DEVELOPED OR DISCOVERED.

_JR_ NO ONE HAS MADE ANY PROMISE OR REPRESENTATION TO INDUCE ME TO SIGN THIS AGREEMENT THAT IS NOT CONTAINED IN THIS AGREEMENT.

_JR_ I HAVE NOT RELIED ON ANY PROMISE OR REPRESENTATION THAT IS NOT CONTAINED IN THIS AGREEMENT IN DECIDING TO SIGN THIS AGREEMENT.

IN WITNESS WHEREOF, the parties have signed this Agreement as of the day and year written below.

_Julee Reynolds_                Date: 5/30/14
Julee Reynolds
Employee

STATE OF OREGON  )
                 )ss.
County of Multnomah  )

This instrument was acknowledged before me this 30 day of May, 2014 by Julee Reynolds.

_Jeanette M. Bostwick_
NOTARY PUBLIC FOR OREGON
My Commission expires: 5-11-2018

OFFICIAL STAMP
JEANETTE MARIE BOSTWICK
NOTARY PUBLIC-OREGON
COMMISSION NO. 928402
MY COMMISSION EXPIRES MAY 11, 2018

Julee Reynolds - **SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS**
Page 15 of 16                                                           5/2/2014

Approval as to Form and No
Attorney Fees are Owed:

_____    Date: 5-22-14
Christopher Lundberg
Of Attorneys for Employee

_____    Date: 6/3/14
Steve Novick
Commissioner in Charge
Bureau of Transportation

_____    Date: 6-3-14
Leah Treat, Director
Bureau of Transportation

_____    Date: 6-5-14
Anna Kanwit, Director
Bureau of Human Resources

**APPROVED AS TO FORM:**

_____    Date: 6-3-14
Jenifer Johnston
Sr. Deputy City Attorney

Julee Reynolds - SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS
Page 16 of 16                                                          5/2/2014